**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3954
_____

LUIS BASILIO,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-480-233)
Immigration Judge:  Honorable Daniel A. Meisner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2011

Before:  AMBRO, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed:  July 26, 2011)
_____

OPINION
_____

PER CURIAM

Luis Basilio, a native and citizen of the Dominican Republic, petitions for review

of the order of the Board of Immigration Appeals ("BIA") denying his motion for

reconsideration.  For the reasons that follow, we will dismiss the petition in part for lack

of jurisdiction, and deny the remainder of the petition on the merits.

Basilio, a lawful permanent resident since the early 1990's, was denied admission into the United States upon his return in 2005 from a trip outside the country. He was placed in removal proceedings based on his conviction in Philadelphia County in 1996 for possession with intent to distribute and simple possession of a controlled substance. He admitted removability and applied for a waiver of deportation pursuant to INA § 212(c).[1] After the waiver hearing (held in 2006), the Immigration Judge ("IJ") declined to exercise his discretion and denied the waiver application, noting, among other things, that the tax returns Basilio submitted appeared to be false and that Basilio inexplicably failed to provide evidence of his unrelinquished domicile (tax returns for years 1994 through 1997 or an itemized statement of earnings from Social Security for those years) and of the resolution of his fugitive status (for failing to appear at his sentencing). Pet'r Brf. at A5-A8. The BIA dismissed Basilio's appeal on August 8, 2008. Basilio did not file a petition for review.

In 2008, Basilio hired a new attorney who filed with the BIA a timely motion to reopen and remand, claiming that hearing counsel failed to prepare Basilio for the hearing, and failed to provide the evidence that the IJ had requested. The motion

---

[1]  Section 212(c) was repealed on September 30, 1996. The "cancellation of removal" provision of the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") was enacted on the same date. Because Basilio's conviction predated IIRIRA, he was grandfathered in for purposes of applying INA § 212(c). See INS v. St. Cyr, 533 U.S. 289, 326 (2001); 8 C.F.R. § 1003.44 (2009).

substantially complied with Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). The new attorney, however, did not attach the proposed evidence that should have been presented to the IJ. Relying on Matter of Compean, Bangaly & J-E-C-, 24 I. & N. Dec. 710 (A.G. Jan. 7, 2009) ("Compean I") (overruling Matter of Lozada), the BIA denied reopening on March 24, 2009, holding that Basilio failed to provide evidence that, but for counsel's ineffectiveness, he would have likely been granted a § 212(c) waiver. Pet'r Brf. at A-21-A22. Basilio did not file a petition for review.

On April 24, 2009, Basilio filed a motion for reconsideration with the BIA, renewing his claims and attaching some of the evidence that the IJ had requested. During the pendency of the motion, the Attorney General vacated Compean I. See Matter of Compean, Bangaly, & J-E-C-, 25 I. & N. Dec. 1 (A.G. June 3, 2009) ("Compean II"). By order entered on October 2, 2009, the BIA denied the motion for reconsideration as untimely because it was filed one day too late under 8 C.F.R. § 1003.2(b)(2). Pet'r Brf. at A-23. The Board also treated the motion as one seeking reopening and denied it as time-barred and barred by the numerical limitations for motions to reopen under INA § 240(c)(2) and 8 C.F.R. § 1003.2(c)(2). Basilio filed this timely petition for review.

Basilio raises three questions in his petition for review: first, he claims that counsel violated due process by failing to file a timely motion to reconsider in April 2009, which deprived Basilio of the opportunity to have the motion decided on its merits and in light of Compean II; second, he claims that hearing counsel failed to submit relevant, available evidence of his domicile at the 2006 hearing (tax returns) and failed to

3

request a change of venue from New Jersey to Philadelphia; and third, he argues that the IJ in 2006, and the BIA on appeal in 2008, violated due process by holding him to a greater burden of proof in their respective decisions denying a waiver. The Government asserts that this Court lacks jurisdiction to review all of Basilio's claims.

This Court's jurisdiction to review the final order of removal issued on October 2, 2009, is limited to reviewing constitutional or legal claims because Basilio was found removable for having committed an aggravated felony. See 8 U.S.C. §§ 1252(a)(2)(C), (a)(2)(D); Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008). We lack jurisdiction to review Basilio's second and third claims because Basilio did not file petitions for review from the BIA's 2008 order dismissing his appeal and its March 24, 2009 decision denying reopening. See Bowles v. Russell, 551 U.S. 205, 213 (2007) ("[W]hen an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction").

Basilio's first due process claim, alleging counsel's failure to file a timely motion for reconsideration, is the only claim that we have jurisdiction to consider.[2] We have jurisdiction to review an alien's claim only where the alien has raised and exhausted his

---

[2] Basilio does not challenge the BIA's October 2, 2009 order denying his motion for reconsideration as untimely. Even if he raised such a claim, we would deny it. The BIA did not abuse its discretion in correctly concluding that the motion was filed one day too late. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (abuse of discretion standard of review adopted for motions to reopen and motions for reconsideration); Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (holding that we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law").

4

available remedies as to that claim. Khan v. Att'y Gen., 448 F.3d 226, 236 n.8 (3d Cir. 2006) (internal quotations and citations omitted). Here, Basilio has no administrative recourse to advance his due process claim. Moreover, a due process claim like Basilio's generally is exempt from the exhaustion requirement because "the BIA does not have jurisdiction to adjudicate constitutional issues." Id. (quoting Bonhometre v. Gonzales, 414 F.3d 442, 447 n.7 (3d Cir. 2005)). Accordingly, Basilio is free to raise his unexhausted claim before this Court.

Turning to the merits of Basilio's claim of ineffective assistance of reconsideration counsel, Basilio has a constitutional right to counsel based on the Fifth Amendment's guarantee of due process of law. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 374 (3d Cir. 2003). "Ineffective assistance of counsel exists where, as a result of counsel's actions (or lack thereof), the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Borges v. Gonzales, 402 F.3d 398, 408 (3d Cir. 2005) (internal quotation and citations omitted). To establish fundamental unfairness regarding an ineffectiveness of counsel claim, the alien must demonstrate counsel's performance was defective and, if it was, whether the alien was prejudiced by counsel's poor performance. Fadiga v. Att'y Gen., 488 F.3d 142, 157 (3d Cir. 2007) (explaining that the "error—and—prejudice test" "measures substantially the same elements required to establish a denial of due process"). In order to show prejudice, an alien must show a reasonable probability that a different outcome would have resulted had counsel performed effectively. Id. at 159.

5

Undoubtedly, counsel's failure to file a timely reconsideration motion deprived Basilio of an opportunity to have his motion heard on its merits in light of a change in the law. We conclude, however, that even if the motion had been timely filed, there is no reasonable likelihood that the BIA's reconsideration of its decision regarding the ineffective assistance of hearing counsel claim in light of Compean II would produce a different result in Basilio's case. Although Basilio said that he provided evidence in his reconsideration motion that his fugitive status was resolved and his criminal case closed, (see Motion to Reconsider, A.R. 13), he now admits that the bench warrant for his arrest for failing to appear at his sentencing was open until May 17, 2010.[3] See Pet'r Br. at 7 n.2. Hence, he cannot fault hearing counsel for failing to procure documentation in 2006 that his fugitive status was resolved if the bench warrant was outstanding until 2010. Moreover, he has not provided the tax returns for 1994 through 1997 and/or a social security statement of earnings for those years, the very documents he blames hearing counsel for failing to procure. Given these circumstances, we cannot say that Basilio has shown that he was prejudiced by counsel's failure to file a timely reconsideration motion.

Accordingly, Basilio's petition for review will be dismissed in part for lack of jurisdiction (Basilio's second and third claims) and the part remaining will be denied (first claim).

---

[3] Basilio is currently incarcerated in Albion, Pennsylvania.

6